

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN        AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable Robt. M. Sikes      Opinion No. 0-5024
Assistant County Attorney
Harrison County            Re: Constitutionality of
Marshall, Texas           Article 326k-11, Vernon's
                                   R.C.S.; and related
                                   questions.

Dear Mr. Sikes:

You request the opinion of this Department upon the following questions:

(1) Did the Legislature exceed its authority in enacting S.B. 312, 47th Legislature (Vernon's Article 326k-11, R.C.S.)?

(2) Was Mr. Sam B. Hall elected to the office of Criminal District Attorney, or to the office of County Attorney, of Harrison County, Texas?

Article 326k-11 provides:

"Section 1. In any county in this State not embraced in or constituting either a Criminal District Attorney's District or a District Attorney's District, and wherein the duty of representing the State in all criminal matters arising in such county devolves upon the County Attorney of such county, the Commissioners' Court thereof, upon petition of such County Attorney at any time during a non-election year, may, by appropriate action spread upon the minutes of such Commissioners' Court, designate the office of County Attorney in such county as the office of Criminal District Attorney of such County, and the incumbent of such office as the Criminal District Attorney of such County; and thereafter and until such time as such county shall be included within a regularly created and constituted District Attorney's District or Criminal District Attorney's District, such office shall be designated as the office of Criminal District Attorney of such county, and the incumbent thereof shall be designated as the Criminal District Attorney of such county; providing that such change in the designation

and appellation of such office and the incumbent thereof, as aforesaid, shall in no manner alter or affect either the previous election and qualifications of the incumbent thereof, nor shall the same thereafter alter or affect either the rights, duties, or emoluments of such office or the incumbent thereof; and providing further that in all elections thereafter held to fill such office, and so long as the same shall be so designated, the said office shall be designated upon the ballot and in the election as the office of Criminal District Attorney of such county; and providing further that in the event any such county be thereafter embraced in or consitutte a regularly created District Attorney's District or Criminal District Attorney's District, the designation of County Attorney shall be restored to such office unless the office of County Attorney be abolished in such county.

"Sec. 2. It is not the intention of this Act to create any office of District Attorney or any other Constitutional office; but it is the intention of this Act merely to authorize a change in the name and appellation of the office of County Attorney and the incumbent thereof in certain counties, without otherwise changing or affecting the rights, duties, or emoluments either of such office or the incumbent thereof.

"Sec. 3. This Act is not intended and shall not be considered or construed as repealing any law now in the statute books, except these in conflict therewith; but it shall be cumulative thereof. Acts 1941, 47th Leg., p. 477, ch. 300."

The only purpose, and the sole effect of such Act, if valid, is to change the name of the office of County Attorney in certain counties.

Constitution of Texas, Article 5, Section 21, provides:

"A county attorney, for counties in which there is not a resident criminal district attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of two years. In case of vacancy the Commissioners' Court of the

county shall have power to appoint a county attorney until the next general election. The county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature. The Legislature may provide for the election of district attorneys in such districts, as may be deemed necessary, and make provision for the compensation of district attorneys and county attorneys; provided, district attorneys shall receive an annual salary of five hundred dollars, to be paid by the State, and such fees, commissions and perquisites as may be provided by law. County attorneys shall receive as compensation only such fees, commissions and perquisites as may be prescribed by law."

Article 1, Section 29, of the Constitution, provides:

"To guard against transgressions of the high powers herein delegated, we declare that everything in this 'Bill of Rights' is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void."

Article 326k-11 attempts to change the name of a constitutional officer. It is therefore void. State ex rel. Hamilton, Attorney General, v. Troy, Prosecuting Attorney, 68 Pac. (2) 413.

In the case cited the Supreme Court of Washington held that the title of the officers designated by the Constitution of that State as "prosecuting attorneys" may not by changed by legislative enactment to "district attorneys", since such change involves an amendment of the Constitution.

The Constitution of the State of Washington provided that the Legislature, by general and uniform laws, shall provide for the election in the several counties of "prosecuting attorneys" and prescribe their duties. The Legislature of that State in 1937 passed an act, the first three sections of which read as follows:

"Section 1. The official title of the office of Prosecuting Attorney, and/or County Attorney, shall hereafter be known and designated as District Attorney, and the office of Prosecuting Attorney and/or County Attorney shall hereafter be known and designated as the office of District Attorney.

"Sec. 2. The District Attorneys of all counties shall have and exercise all such powers, duties and privileges within their respective counties as are by law now and hereafter conferred upon them as Prosecuting Attorneys and/or County Attorneys.

"Sec. 3. Wherever the words 'Prosecuting Attorney' and/or 'County Attorney' are or have been used in the laws of the State of Washington, the same shall be construed to mean District Attorney."

The main contentions of the respondent in the case above cited are set out in the opinion of the court, from which we quote as follows:

"It is further contended that the legislation complained of affects no vested right or interest, that it can harm no one, and it is argued, with much force and especial emphasis, that it in no way defeats the constitutional purpose and intent, in that it does not in any way alter or change the character or duties of the office, but merely changes its name. This argument, it will be observed, is based upon the plausible and appealing logic which has made the words 'What's in a name? That which we call a rose by any other name would smell as sweet', one of the most familiar quotations in our language.

"It is further argued that there is no express or implied negation or prohibition in any section, article, or amendment of the State Constitution which would prevent the change, and we are reminded that the presumptions are all in favor of the constitutionality of the act, and it is said nothing less than a certain and unequivocal violation of some constitutional inhibition can warrant us in holding it inoperative.

"The matter before us appears trifling at first sight, and is, in fact, of slight importance, in so

far as direct consequences are concerned. But, as suggested by the relator, if the Legislature has the power to change the name of one constitutional office, it has the power to change the name of any and all. The matter would appear of greater consequence if, for example, instead of the act under consideration, we had before us an act changing the title of Governor to dictator or czar. But, wholly aside from these practical considerations, there is a principle involved of first importance. There is a constitutional inhibition, and, although it arises by implication, it is fully as compelling as it would be if directly expressed.

"With all deference to the opinion of the trial court, we cannot escape the conclusion that the relator appellant is correct in his contention that the effect of the first three sections of chapter 100, Laws 1937, is to amend the Constitution. Article 23 of that instrument provides that it can only be amended by a two-thirds vote of both branches of the Legislature, subsequently followed and confirmed by a vote of the people.

"While we are reluctant to thwart the wishes of the prosecuting attorneys who earnestly desire the proposed change, it is plainly our duty to hold that the Legislature, acting alone, had no power to make it, and that the first three sections, at least, of chapter 100, Laws 1937, are inoperative and of no effect."

If it be contended that the violation of a constitutional provision is purely technical, and that no harm conceivably can result, it is sufficient to answer that it is not within the power of the courts or of the Legislature to justify the violation of a constitutional provision on the ground that, in their opinion, to violate such provision will do no harm. The people have the right to name their constitutional officers. They have done so. So far as the Legislature of the courts are concerned, there is an end to the matter. No more dangerous principle of constitutional law could conceivably be established than that a violation of constitutional provision may be upheld because, in the opinion of the Legislature or the courts, it can cause no harm.

You state, in connection with your second question, that Sam B. Hall, at the General Election in November, 1942, received the following votes:

> For Criminal District Attorney of Harrison County, Texas......................584
>
> For County Attorney of Harrison County, Texas............................ 92

It appears that in 1941, acting under the purported authority of Article 326k-11, the Commissioners' Court of Harrison County, Texas, changed the name of the office of County Attorney of Harrison County to that of "Criminal District Attorney of Harrison County."

You are advised that, in our opinion, Mr. Hall was elected to the office of "County Attorney of Harrison County, Texas."

We assume that only the office of "Criminal District Attorney of Harrison County, Texas", was printed on the ballot; that the people voting for the office of "County Attorney" wrote in both the name of the office and the name of Mr. Hall as their choice therefor. Such votes are nevertheless to be counted, upon the principle that the officers charged with the duty of making up the ballot can not, by their failure to place the office on the ticket, deprive the people of the right to fill such office by their votes at the general election, secured to them by law. See our Opinion No. 0-186, copy of which is enclosed; also, Aura v. Brandt (Minn.) 1 N.W. (2) 381, at p. 385.

The votes for Criminal District Attorney, in our opinion, are likewise to be counted as cast for Mr. Hall for the office of County Attorney. The fact that Article 326k-11, and the proceedings under it, were void, can have no bearing on this question. It is beyond dispute that the voters casting their votes for Mr. Hall for "Criminal District Attorney" were voting for him to fill the office of "County Attorney, by whatever name it might be designated. Their right to have these votes counted in accordance with their readily ascertainable intent is not to be frittered away because the office has been erroneously designated by the officers charged with the duty of preparing the ballot.

Stubbs v. Moursund (Ct. Civ. Aps.) 222 S.W. 632; Moore v. Plott, 206 S.W. 958.

Hon. Robt. M. Sikes - page 7, O-5024


       We trust that the foregoing satisfactorily answers your questions. We thank you for the excellent brief accompanying your request, which has been of considerable aid to us.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ R. W. Fairchild

By       R. W. Fairchild
       Assistant

RWF-MR/cg

APPROVED DEC. 22, 1942

s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


Approved Opinion Committee
By WRK, Chairman